EL PUEBLO, DEMANDANTE Y APELADO, v. ECHEANDÍA, ACUSADO
Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Aguadilla
en causa por ataque para cometer violación.

No. 857.—Resuelto en marzo 7, 1916.

ATAQUE PARA COMETER VIOLACIÓN—LOCURA—PERITO MÉDICO—EPILEPSIA—CONSIDERACIONES HIPOTÉTICAS BASADAS EN HECHOS PROBADOS.—Cuando la declaración de un perito médico para demostrar la defensa de locura del acusado en causa por delito de ataque para cometer violación, se refiere solamente a cosas supuestas que podrían ocurrir a una persona predispuesta a la epilepsia u otras afecciones semejantes, sin acreditar ningún hecho concreto por el cual llegara a la conclusión de que el acusado estaba loco, esto es, sin hacer consideraciones hipotéticas basadas en los hechos probados en el juicio, no puede decirse que el perito suministrara prueba alguna tendente a mostrar la locura.

ID.—ACTOS DEL ACUSADO—CIRCUNSTANCIAS DEL DELITO—LOCURA.—Cuando un acusado en causa por delito de ataque para cometer violación viene a la casa de la perjudicada, consigue estar sólo con ella, y se fuga inmediatamente después del hecho, son circunstancias que indican los elementos ordinarios de un delito y no de locura.

LOCURA--LOCURA REPENTINA—IMPRESIONES—ACTOS—RECLUSIÓN EN UN MANICO-
MIO.—La ley no favorece la idea de la locura repentina sin que en realidad
exista alguna indicación anterior o posterior; ni afecta a la cuestión el hecho
de que el acusado fuera recluído en un manicomio.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Texidor y Martínez Alvarez.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

En una acusación que fué formulada en la Corte de Distrito de Aguadilla se imputaba a Cecilio Echeandía Font la comisión de un delito de ataque para cometer violación. El ataque ha sido admitido, y la única defensa que se alega es la enajenación mental del acusado. Tanto en su alegato, como en la vista de esta apelación, la representación del apelante hizo gran insistencia en la manifestación hecha por el único perito que fué llamado en este caso. Aparte del hecho de que la declaración del perito era solamente una parte de la prueba y de que el juez que juzgó la causa tenía derecho a considerarla junto con las otras pruebas, no vemos que haya habido nada en la declaración del perito, considerada aisladamente o en unión con las demás pruebas, que justifique una revocación de este caso. Su declaración se refería a cosas supuestas, que podrían ocurrir, o pueden suceder a una persona predispuesta a la epilepsia u otras afecciones semejantes. Terminó el perito diciendo que el acusado estaba loco, pero sin acreditar ningún hecho por el cual llegó a esa conclusión. En verdad que puede decirse que este testigo no suministró ninguna prueba tendente a mostrar la locura, puesto que no hizo consideraciones hipotéticas basadas en los hechos probados en el juicio; ni tampoco puso a la corte en conocimiento de hechos precisos tendentes a probar dicha locura. La teoría de la defensa era la incapacidad congénita del acusado en forma de epilepsia, pero el perito negó que ésta fuera hereditaria. No solamente no existió prueba de que fuera hereditaria, sino que no se demostró en manera

alguna la existencia de algún golpe, herida, enfermedad o acto anterior del acusado que justifique la deducción de que sufría de enajenación mental. La deliberación con que, el acusado vino a la casa de la joven, consiguió estar solo con ella y su fuga subsiguiente, son circunstancias todas que indican los elementos ordinarios de un delito, y no de locura. Además, la ley no favorece la idea de la locura repentina producida por cualquier impresión, sin que en realidad exista alguna indicación anterior o posterior. *People* v. *Hoin*, 62 Cal. 120, y véase la instrucción aprobada en el caso de *People* v. *Kernaghan*, 72 Cal. 609, como aparece de la opinión disidente en la página 622. *Leache* v. *The State*, 22 Tex. App. 310, 58 A. R. 644. Ni afecta a la cuestión el hecho de que luego el acusado fuera recluído en un manicomio. La prueba no revela ninguna necesidad para habérsele recluído de tal modo.

Siendo admitido el acto y no habiéndose probado la locura, debe confirmarse la sentencia.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.